United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES CURTIS KERN, BX3065,
Plaintiff,

v.

DR. JENNY HWANG, et al.,
Defendant(s).

Case No. 26-cv-07478-CRB (PR)

**ORDER OF DISMISSAL**

Plaintiff, a prisoner at the California Health Care Facility (CHCF) in Stockton and frequent litigant in federal court, filed the instant pro se action under 42 U.S.C. § 1983 alleging that, while he was incarcerated at Pelican Bay State Prison (PBSP), four different doctors were deliberately indifferent to his medical needs. Plaintiff also sought to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

On September 18, 2026, the court denied plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(g). The court found that plaintiff "has had three or more prior prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted," Sept. 18, 2026, Order (ECF No. 3) at 1-2 (citing cases), and that plaintiff was not seeking relief from a danger of serious physical injury "which was 'imminent' at the time of filing," id. at 2 (citing Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007)). Under the law of the circuit, the court provided plaintiff an opportunity to "show cause why § 1915(g) does not bar pauper status for him," and warned him that "[f]ailure to show cause, or pay the requisite $ 405.00 filing fee, within [28 days] will result in the dismissal of this action without prejudice to bringing it in a new paid complaint." Id. at 2.

Plaintiff filed a timely response claiming that the court's finding that he has had three or more prior prisoner cases dismissed by a federal court on the grounds that they are frivolous,

malicious, or fail to state a claim upon which relief may be granted "is a gross error." Pl.'s Resp. (ECF No. 4) at 2. Not so. In its September 18, 2026, order denying plaintiff's motion to proceed IFP the court cited four prior dismissals in support of its finding that plaintiff had three or more qualifying prior "strike" dismissals under § 1915(g): (1) Kern v. Alphonso, No. 1:24-cv-01195-KES-SAB (PC) (E.D. Cal. Dec. 3, 2025) (order of dismissal on grounds that action fails to state claim upon which relief may be granted); (2) Kern v. Pelican Bay Transp. Officer, No. 25-cv-07288-CRB (PR) (N. D. Cal. Nov. 14, 2025) (same); (3) Kern v. Superior Ct. of Cal., No. 2:24-cv-02149-TLN-EFB (PC) (E.D. Cal. Apr. 8, 2025) (same); and (4) Kern v. Patel, No. 24-cv-09353-CRB (PR) (N.D. Cal. Jan. 17, 2025) (order of dismissal on grounds that action is duplicative and abusive under § 1915A(b)). Defendant in one of plaintiff's prior cases had established that these four prior dismissals qualified as prior "strike" dismissals under § 1915(g). See Kern v. Goff, 25-cv-10555-CRB (PR), slip op. at 2-3 (N.D. Cal. Aug. 12, 2026) (order granting motion to revoke IFP status). And plaintiff has suffered at least two additional prior "strike" dismissals for a total of at least six qualifying prior "strike" dismissals. See Kern v. Patel, No. 25-cv-1881-CRB (PR) (N.D. Cal. Mar. 20, 2025) (order of dismissal on grounds that action is duplicative and abusive under § 1915A(b)); Kern v. Pelican Bay State Prison, No. 25-cv-10964-CRB (PR) (N.D. Cal. Jan. 6, 2026) (same). Plaintiff has ample prior "strike" dismissals to bar him from proceeding IFP.

Plaintiff also claims that he is seeking relief from a danger of serious physical injury which was imminent at the time of filing because "[a]s a result" of the four different doctor defendants' deliberate indifference to plaintiff's serious medical needs while plaintiff was at PBSP plaintiff "has become confined to a wheelchair." Pl.'s Resp. at 1. But plaintiff's regrettable wheelchair status does not demonstrate that he was under imminent danger of serious physical injury "fairly traceable" to defendants' actions at the time of filing. See Ray v. Lara, 31 F.4th 692, 700 (9th Cir. 2022) (§ 1915(g) "requires a nexus between the alleged imminent danger and the violations of the law alleged in the prisoner's complaint"). After all, plaintiff was already at CHCF when he filed the instant action regarding defendants' actions/omissions while plaintiff was at PBSP. Section 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past injury. Accord Cruz v. Baker, No. 18-cv-1641-LJO-SAB, 2018 WL 11241283, at *1 (E.D. Cal. Dec. 13,

United States District Court
Northern District of California

2018) (finding that past incidents of alleged excessive force by guard employed at prison where prisoner plaintiff was formerly incarcerated do not meet imminent physical danger exception under § 1915(g)).

Because plaintiff may not proceed IFP in connection with this action and has not paid the requisite filing fee, this action is DISMISSED without prejudice to bringing in a new paid complaint.

The clerk is directed to close the case and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: November 17, 2026

CHARLES R. BREYER
United States District Judge